IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wibur O. Billy Powers; Helen M. Beane; Powers Properties; County of Florence; Florence County Sheriff's Office; and T. J. Joye,<br><br>      Plaintiffs,<br><br>  v.<br><br>Jeremiah Reaves,<br><br>      Defendant. | C/A No.: 4:21-3400-JD-KDW<br><br>REPORT AND RECOMMENDATION |

Jeremiah Reaves ("Defendant"), proceeding pro se, filed a Notice of Removal that purports to remove a state law claim filed in the Magistrate Court for the County of Florence, South Carolina. All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends this matter be remanded for lack of subject matter jurisdiction.

I. Analysis

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have been originally filed there. *See Darcangelo v. Verizon Commc'ns, Inc*., 292 F.3d 181, 186 (4th Cir. 2002). Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there is federal question jurisdiction under 28 U.S.C. § 1331. Defendants seeking to remove a civil action must file a removal notice "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Courts strictly construe the removal statue against removal jurisdiction, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941), and defendants have the burden of establishing that jurisdiction is

proper. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296-97 (4th Cir. 2008). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, remand is necessary. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

Defendant seeks to remove the state court action pursuant to 28 U.S.C. §§ 1331, 1441(a) and (b) and 1446 (a), (b), and (d). For the removal to be proper, Defendant must demonstrate that the action he seeks to remove, as pled by the Plaintiff in state court, contains one or more claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. §§ 1441(a), (b), 1331(a). As an initial matter, Defendant's Notice of Removal is procedurally defective as it fails to attach the state court complaint. *See* 28 U.S.C. § 1446(a). Instead, Defendant has attached a page from the Florence County Twelfth Judicial Circuit Public Index for an action titled *Powers Properties v. Jeremiah Reaves*. ECF No. 1-1. [1] The court cannot independently determine the nature of the claims brought in the state court action, and therefore, this matter should be remanded.

Further, the undersigned finds Defendant has otherwise failed to establish the court's subject matter jurisdiction over the action. In his Notice of Removal, Defendant does not contend Plaintiffs have brought any claim in state court arising under the Constitution, treaties, or laws of the United States. Instead, Defendant is attempting to remove the state court action by asserting defenses or counterclaims which purportedly raise questions of federal law. *See* ECF No. 1. However, such defenses do not establish removal jurisdiction. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (explaining that a defense that raises a federal question is inadequate to confer federal jurisdiction); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275

---

[1] A review of the document submitted to the court shows that the actions listed as pending before that court are a Writ of Ejectment and Motion to Vacate. However, this court does not have access to those documents.

(4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."). Accordingly, the undersigned recommends this matter be remanded.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge remand this matter to the Florence County Magistrate Court, for lack of subject matter jurisdiction. Because this is only a recommendation, the Clerk of Court shall not immediately certify this matter to the Florence County Magistrate Court, but shall forward the case file and any objections to the United States District Judge for a final disposition.

IT IS SO RECOMMENDED.

October 19, 2021                                                          Kaymani D. West
Florence, South Carolina                                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).