IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Wilbur O. Billy Powers; Helen M. Beane; and Powers Properties; County of Florence; Florence County Sheriff's Office; and T. J. Joye, | Case No.: 4: 21-cv-03400-JD |
| Plaintiffs, | **ORDER AND OPINION** |
| vs. | |
| Jeremiah Reaves, | |
| Defendant. | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kaymani West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Jeremiah Reaves ("Defendant"), proceeding *pro se* and *in forma pauperis*, filed a Notice of Removal on October 15, 2021, removing the State court action to this Court. (DE 1-1, p. 1.) Defendant seeks to remove this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441. The record indicates that Wilbur O. Billy Powers, Helen M. Beane, Powers Properties, County of Florence, Florence County Sheriff's Office, and T. J. Joye (collectively "Plaintiffs") filed an eviction action against Defendant. (DE 1.) The Report, *sua sponte*, recommends remanding this case to State court due to a procedural defect, as Defendant failed to include the Complaint in the Notice of Removal, and for lack of subject matter jurisdiction because *inter alia*

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Defendant has failed to identify a viable jurisdictional basis for the removal of this Eviction action under 28 U.S.C. § 1331 and 28 U.S.C. § 1441.  (DE 8, pp. 2-3.)  Furthermore, the Report notes that to the extent Defendant attempts to remove the State court action by asserting defenses or counterclaims which purportedly raise questions of federal law, "such defenses do not establish removal jurisdiction."  (DE 8, p. 2); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 2d 318 (1987) ("Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense. . . .").

Defendant filed no objections to the Report and Recommendation.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Defendants' Notice of Removal (DE 1) is remanded, and the Court declines to rule on all remaining outstanding motions because it lacks subject matter jurisdiction.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
November 16, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.